IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bertha Turner, ) | |
| ) | Civil Action No. 8:12-456-JMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Red Lobster Inns of America Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motion to reopen case (doc. 10). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff, who was represented by counsel, originally filed a lawsuit in the Anderson County, South Carolina, Court of Common Pleas, alleging race discrimination by her former employer. The defendant timely removed the lawsuit to this court (doc. 1). Because the plaintiff had agreed to a mandatory Dispute Resolution Process ("DRP") program requiring arbitration, the parties jointly stipulated that the matter should be compelled to arbitration (doc. 5). On February 22, 2012, the Honorable J. Michelle Childs, United States District Judge, compelled the plaintiff's claims to arbitration and dismissed the instant action with leave to petition the court to reinstate the action if necessary (doc. 7). On September 7, 2012, the arbitrator issued an order dismissing the plaintiff's claims with prejudice (doc. 10-5).

On October 9, 2012, the plaintiff filed the instant motion *pro se*. On October 19, 2012, the plaintiff's counsel moved to withdraw as her attorney. Counsel's motion to withdraw was granted by Judge Childs on October 31, 2012. The defendant filed a response in opposition to the motion to reopen case on October 24, 2012.

## APPLICABLE LAW AND ANALYSIS

The plaintiff agreed to the terms of the defendant's mandatory DRP (doc. 16-1), entered an agreement to arbitrate (doc. 10-1), and stipulated that her claims be compelled to arbitration (doc. 5). She now seeks to have the court re-assume jurisdiction of her claims for purposes of substantive disposition. The plaintiff's claims were disposed of, with prejudice, in arbitration (doc. 10-5). That decision may only be challenged as discussed below. As argued by the defendant, simply because the plaintiff is unhappy with the result rendered in a forum to which she consented, she cannot re-litigate those claims here.

The plaintiff cannot show that vacating the arbitrator's decision is appropriate. "[T]he scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all - the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (citation omitted). "Federal courts must give 'great deference' to an arbitration award.'" *Choice Hotels Int'l., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 177 (4th Cir. 2007) (quoting *Peoples Sec. Life Inso. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 145 (4th Cir. 1993)). "In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act ["FAA"] or one of certain common law grounds." *Three S Delaware, Inc., v. Dataquick Information Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (citing *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)). Under the FAA,

> A court may only vacate an award on one of the following grounds: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or for any other misbehavior by which the rights of any party have been

> prejudiced; or, (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

*Id*. (citing 9 U.S.C. § 10(a)). "The permissible common law grounds for vacating such an award 'include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law'" *Id*. (quoting *Patten*, 441 F.3d at 234). Moreover,

> The Supreme Court has explained that because the parties have authorized an arbitrator "to give meaning to the language of [an] agreement, a court should not reject an award on the ground that an arbitrator misread the contract." "As long as the arbitrator is even arguably construing or applying the contract," a court may not vacate the arbitrator's judgment.

*Choice Hotels Int'l., Inc.*, 491 F.3d at 177 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

The plaintiff has made no showing to support vacating the arbitrator's award. The defendant's motion to dismiss the arbitration (doc. 10-6) was fully briefed by both parties, and the arbitrator held oral argument on the motion to dismiss on August 20, 2012, during which both parties were represented by counsel of their choice. The arbitrator solicited and received additional posthearing authority from the parties and rendered a decision based upon the express terms of the DRP and existing authority. The arbitrator found that the plaintiff failed to initiate arbitration within the DRP's one-year limitations period, and, therefore, he dismissed her claims. The DRP specifically reserved all determinations related to time limits to the arbitrator (doc. 10-5 at 3).

The plaintiff's motion makes clear that her complaint is against her counsel and not the arbitrator. She alleges as follows in her motion:

- "I hired a lawyer, but it seems that all he did was take my money."

- "[H]e submitted my claims, to the wrong court house, in the wrong company's name."

3

- "[O]ur client/attorney communication has been minimal."

- "[M]y attorney had missed all deadlines of required paperwork for the arbitration."

(doc. 10 at 1-2). However, in the order granting the defendant's motion to dismiss arbitration (doc. 10-5), the arbitrator specifically stated, "it is clear that [the plaintiff] failed to inform her attorney, Mr. Griffin, of the existence of the DRP's one-year limitations period, making it impossible for Mr. Griffin to have complied with that provision on [the plaintiff's] behalf" (doc. 10-5 at 2).

Based upon the foregoing, this court finds that the plaintiff has failed to meet her burden of showing a permissible reason for vacating the arbitrator's decision and reopening this case.

## **CONCLUSION AND RECOMMENDATION**

Accordingly, the plaintiff's motion to reopen (doc. 10) should be denied. This court further recommends that the defendant's request for an award of its costs and fees in responding to the plaintiff's motion be denied.

IT IS SO RECOMMENDED.

February 16, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).